IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Charles T. Marshall Jr., *pro se*, | ) | Case No. 3:23-cv-02054 |
| Plaintiff, | ) ) | Judge James R. Knepp II |
| v. | ) ) ) ) | **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT TO PLAINTIFF'S COMPLAINT** |
| Toledo Police Department, *etc.*, | ) ) | |
| Defendant. | ) ) | *(WITH JURY DEMAND ENDORSED HEREON)* |

Dale R. Emch, Director of Law (0080004)
Jeffrey B. Charles, Chief of Litigation (0064514)
Merritt W. Green III, Senior Attorney (0024236)
City of Toledo Department of Law
One Government Center, Suite 2250
Toledo, Ohio 43604
Telephone: (419) 245-1020
Facsimile: (419) 245-1090
terry.green@toledo.oh.gov

Counsel for Defendant Martin.

Now comes Defendant, by and through counsel, and for his answer to Plaintiff's complaint states and avers as follows:

## ANSWER

1. Defendant denies the allegations contained in the *First Sentence* of Plaintiff's Complaint in its entirety for the reason that the allegations are untrue; and further answering, Defendant asserts that at all times relevant herein, Toledo Police officers employed by the City of Toledo were acting under color of law and within the course and scope of their employment as police officers.

1

2. Defendant admits that on November 5, 2021 Toledo Police Officers, along with U.S. Marshals, entered the Plaintiff's home located at 813 Custer Drive to arrest the Plaintiff pursuant to several felony warrants; but Defendants deny the remaining allegations contained in the *Second Sentence* of Plaintiff's Complaint.

3. Defendant admits that at the time Plaintiff was arrested, large amounts of Marijuana and Gummies in multiple jars and containers were found in plain view, along with boxes of baggies and $1271.00 in cash all of which were confiscated; but deny the remaining allegations contained in the *Third Sentence* of the Plaintiff's Complaint.

4. Defendant admits that on November 5, 2021 the Plaintiff was charged with Trafficking In Drugs in Toledo Municipal Court in criminal case captioned *City of Toledo v. Charles Marshall*, TMC Case # CRA-21-09927-101; and further answering, that on January 6, 2022 Plaintiff pled no-contest and was found guilty of Possession of Controlled Substances in violation of RC §2921.12 by the Toledo Municipal Court Judge Timothy Kuhlmann and, as part of his plea agreement, Plaintiff stipulated to the Forfeiture to the City of Toledo of the contraband and proceeds seized on November 5, 2021; but deny the remaining allegations contained in the *Fourth Sentence* of the Plaintiff's Complaint.

5. Defendant denies the allegations contained in the *Fifth Sentence* of Plaintiff's Complaint for lack of knowledge as to the truth of the matters asserted and leave Plaintiff to his proofs.

6. Defendant denies the allegations contained in the *Sixth Sentence* of Plaintiff's Complaint in manner and form alleged for the reason that the allegations constitute conclusions of law.

7. Defendant admits that as a result of information gathered by Defendant at previous 911 emergency call, the Plaintiff was indicted on November 12, 2021 by the Lucas County Grand Jury for Having Weapons While Under Disability in violation of RC §§2923.13(A)(2) & (B), and

Tampering With Evidence in violation of RC §§2921.12(A)(1) & (B); and further answering, that on June 9, 2022 Plaintiff pled guilty in criminal case captioned *State of Ohio v. Charles Marshall*, LCCP Case #G-4801-CR-02122836 to Having Weapons While Under Disability; but denies the remaining allegations contained in the *Seventh Sentence* of Plaintiff's Complaint

8. Defendant specifically denies any and all allegations that the Defendant and/or any Toledo police officer conducted an illegal search of the Plaintiff's home or car, or otherwise violated the Plaintiff's civil rights for the reason that Plaintiff's allegations contained in the *Eighth Sentence* of Plaintiff's Complaint are untrue.

9. Defendant is without knowledge sufficient to form a belief as to the truth or accuracy of the remaining allegations contained in Plaintiff's Complaint and, therefore, denies the same.

10. Defendant denies each and every allegation contained in Plaintiff's Complaint not heretofore mentioned; and further pleading, denies any claim for relief set forth in Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

Now comes Defendant by and through counsel, who affirmatively states that upon trial of this cause and proof by the plaintiff of the facts set forth in his complaint, then the Defendant will show:

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Named Defendant, "Toledo Police Department (detective division)" is not a *sui juris* legal entity capable of suing or being sued under state or federal law, and therefore Plaintiff's Complaint fails to state a claim as to that Defendant.

3. Plaintiff has failed to join all necessary parties for just adjudication of his claims as required by law, and therefore any recovery is barred.

3.   Named Defendant is immune from liability as to any and all claims asserted by Plaintiff under 42 U.S.C. Section 1983.

5.   Named Defendant is immune from liability as to Plaintiff's state law claims, if any, by virtue of the provisions of Chapter 2744, Ohio Revised Code.

6.   Plaintiff is barred from the recovery of punitive damages against Defendant.

7.   At all times material to Plaintiff's Complaint, Defendant and its Toledo Police Officers conducted themselves in a reasonable manner required and/or authorized by law, and thus cannot be found liable in their individual capacity.

8.   Any and all actions taken by the Defendant and its Police Officers were in all respects reasonable, proper, lawful and undertaken in good faith and with probable cause and in execution of statutory duties imposed by the Ohio Revised Code.

9.   At all times material to Plaintiff's Complaint, Defendant's actions involved the City of Toledo's governmental police functions under R.C. 2744 and, therefore, are not liable to Plaintiff.

10.   At all times material to Plaintiff's Complaint, Defendant did not engage in any unconstitutional activity or mission and, therefore, Plaintiff has sustained no constitutional deprivation or violation.

11.   The acts, omissions or other conduct of which Plaintiff complains were objectively reasonable under the circumstances then existing, and were performed/omitted in good faith, with probable cause, without malice, without deliberate indifference, or any affirmative abuse of legal authority, and without intent to cause physical harm to Plaintiff or to selectively deny Plaintiff his constitutional rights.

12.   Defendants' conduct did not violate any clearly established statutory or constitutional rights of which a reasonable person would have known.

13. Plaintiff's Complaint does not set forth a deprivation of rights, privileges or immunity secured by the Constitution or the laws of the United States or the State of Ohio.

14. To the extent that some injury or damaged occurred, such injury or damage was proximately caused by the negligent, intentional, wrongful and/or unlawful act or acts of Plaintiff himself.

15. The provisions of 42 USC §1983 limit any recovery to the Plaintiff, if any.

16. Plaintiff's right of recovery for State law claims, if any, are limited by the provisions of Chapter 2744 of the Ohio Revised Code.

17. In the event Defendant may be found to be liable in any way, it is entitled to a set-off for any moneys paid to or on behalf of Plaintiff from any collateral source pursuant to Chapter 2744 of the Ohio Revised Code.

18. The negligence of Plaintiff was equal to or greater than that of Defendant and any recovery, therefore, is barred.

19. Named Defendant neither failed nor otherwise followed any custom, usage or official policy, contrary to constitutional policies so as to give rise to the claims set forth in Plaintiff's Complaint.

20. Plaintiff is barred from asserting these claims by the applicable statute of limitations.

21. Plaintiff's damages, if any, were the proximate result of substantial intervening causes.

22. Plaintiff has not suffered any injury or damage in fact or in law.

23. Plaintiff lacks standing to prosecute this lawsuit.

24. Defendants reserve the right to amend their Answer by asserting additional defenses which discovery may reveal.

**WHEREFORE**, Defendant demands that Plaintiff's Complaint be dismissed with prejudice and that judgment be entered for Defendant, together with costs, reasonable attorney fees, and for such other relief as is just and equitable.

    Respectfully submitted,

    DALE R. EMCH, DIRECTOR OF LAW

    /s/ *Merritt W. Green III*
    Merritt W. Green III, Senior Attorney (0024236)
    City of Toledo, Department of Law
    One Government Center, Suite 2250
    Toledo, Ohio 43604-2293
    Telephone: (419) 245-1020
    Fax: (419) 245-1090
    Counsel for Defendant

## JURY DEMAND

Defendants hereby demand a trial by jury on all issues of this cause so triable.

    /s/ *Merritt W. Green III*

.

## **CERTIFICATION**

I hereby certify that the foregoing *Answer and Affirmative Defenses of the Toledo Police Department with Jury Demand* was filed electronically this 25th day of October, 2023. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. It was also sent by ordinary U.S. mail to *pro se* Plaintiff, Charles T. Marshall Jr., 813 Custer Dr., Toledo, OH 43612 this 20th day of October, 2023.

.

/s/ *Merritt W. Green III*
Merritt W. Green, III, Senior Attorney

MWG\Marshall v. TPD\USDC\Answer