IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**CHARLES T. MARSHALL, JR.,**     CASE NO. 3:23 CV 2054

    Plaintiff,

    v.     JUDGE JAMES R. KNEPP II

**TOLEDO POLICE DEPARTMENT,**

    Defendant.     **MEMORANDUM OPINION AND ORDER**

### INTRODUCTION

Currently pending before this Court in this civil rights action is Defendant Toledo Police Department's Motion for Summary Judgment. (Doc. 11). *Pro se* Plaintiff Charles T. Marshall, Jr. has not filed an opposition to the motion and the time in which to do so has passed. *See* Local Civ. R. 7(d) (N.D. Ohio).

For the following reasons, the Court grants Defendant's motion.

### BACKGROUND

Plaintiff originally filed this case in Toledo Municipal Court on September 21, 2023. *See* Doc. 1, at 6.

Plaintiff's Complaint alleges, *in toto*:

> Harassment. Illegal search and seizure. On [or] about Nov. 5, 2021, Officers entered my home with a warrant for me for a gun. The Officer went beyond the scope [indecipherable] and seized legal bought marijuana with a legal license. Property was not returned. I was not reimbursed. Th[ere] were no order to destroy property. I want to summons Judge Kulman. On Sept. 20, I was harassed by Toledo Police. I was targeted and racially profiled. The result was and atted [sic] and emergency called. Officers had the wrong person, illegally searched my car, took my medical marijuana with receipt.

(Doc. 1, at 6). Plaintiff attached a copy of a medical marijuana card in his name (*id.*, at 7), and the results of two Google searches (*id.*, at 8-9).

Toledo Police Officer Amy Pelleteri avers in a sworn declaration that on November 5, 2021, she and others, executed felony warrants for Plaintiff's arrest. (Doc. 11, at 12). Upon entry into Plaintiff's home, officers "observed a large amount of marijuana found in a room that appeared to be dedicated just for its sale" in the living room "next to where [Plaintiff] was sitting" when officers entered his home, including a backpack containing a box of plastic baggies "that are used for sale", "more marijuana in a metal container" and "marijuana gummies." *Id.* All of this evidence, along with $1,271 in cash in Plaintiff's possession was taken and booked into the Toledo Police Department property room. *Id.; see also id.* at 16-17 (police report).

Officer Pelleteri served Plaintiff with a warrant for having weapons while under disability (*id.* at 18), and Officer William Shaner filed a Complaint against Plaintiff for trafficking in drugs (*id.* at 20). Plaintiff pleaded no contest to the drug trafficking charge, as amended to possession of controlled substances, on January 6, 2022 (*City of Toledo v. Marshall*, No. CRA-21-09927-101 (Toledo Mun. Ct.)), and pleaded guilty to having weapons while under disability on June 9, 2022 (*State of Ohio v. Marshall*, No. G-4801-CR-02122836 (Lucas Cnty. Ct. of Common Pleas)).

Officer Pelleteri states that "[t]he police work done on November 5, 2021, was standard, operating police investigation, search and seizure, in keeping with Toledo Police policy, which is approved of by OPATA, or by the Ohio Peace Officer Training Academy." *Id.* at 12. She further opines that Plaintiff's race "had nothing to do with the procedures" employed. *Id.*

Plaintiff signed a consent judgment entry regarding forfeiture of the money seized. *Id.* at 23-24. Plaintiff retained $671, and $600 was forfeited to the City of Toledo. *Id.*; *see also id.* at 12 (Officer Pelleteri's statement that $600 went to the State and Plaintiff received $671).

## STANDARD OF REVIEW

Summary judgment is appropriate where there is "no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When considering a motion for summary judgment, the Court must draw all inferences from the record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The Court is not permitted to weigh the evidence or determine the truth of any matter in dispute; rather, the Court determines only whether the case contains sufficient evidence from which a jury could reasonably find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). The moving party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

This burden "may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Id.* The nonmoving party must go beyond the pleadings and "present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Anderson*, 477 U.S. at 257. Further, the nonmoving party has an affirmative duty to direct the Court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact. *See* Fed R. Civ. P. 56(c)(3) (noting the court "need consider only the cited materials").

## DISCUSSION

Defendant moves for summary judgment. Defendant first contends the Toledo Police Department is not *sui juris* and it is therefore entitled to summary judgment on all of Plaintiff's

3

claims. In the alternative, Defendant presents several additional arguments. Defendant contends the search and seizure was legal because it was conducted due to a warrant. It argues Plaintiff's medical marijuana card was legally seized pursuant to Ohio Revised Code § 3796. Defendant further asserts Plaintiff previously stipulated to a consent judgment entry to dispose of the evidence collected. Finally, Defendant argues Plaintiff has presented no evidence to support his claims of racial profiling or harassment.

For the reasons discussed below, the Court finds Defendant's first argument dispositive and grants its motion on that basis.

Toledo Police Department Not *Sui Juris*

Defendant is correct that the City of Toledo "Police Department" is not *sui juris*, that is, not an entity subject to suit under § 1983. *See Lawson v. City of Youngstown*, 912 F. Supp. 2d 527, 531 (N.D. Ohio 2012) (collecting cases and holding that Ohio courts and police departments are not *sui juris* for purposes of suit under § 1983); *see also Tysinger v. Police Dep't of Zanesville*, 463 F.3d 569, 572 (6th Cir. 2006) ("We note at the outset that the named defendant in this action, the Police Department of the City of Zanesville, is not a juridical entity subject to suit under Ohio law."); *Lloyd v. City of Streetsboro*, 2018 WL 11298664, at *3 (6th Cir.) ("We have held that, under Ohio law, sheriff's and police departments are not entities capable of being sued under § 1983.").

Courts routinely grant police departments' motions for summary judgment (as well as motions to dismiss and motions for judgment on the pleadings) on this basis. *See, e.g., Greenlee v. City of Cleveland*, 2005 WL 2249920, at *7 (N.D. Ohio) ("As Defendants properly noted in their summary judgment motion, police departments are not *sui juris* entities – that is, they are not capable of being sued as a matter of law. . . . Plaintiff made no response to this argument in

4

her reply nor offered any evidence in response to Defendants' motion. Therefore, the Court grants the motion for summary judgment by Defendants Cleveland Police Department and City of Cleveland Police-First District."); *Mason v. Holmes*, 2014 WL 696418, at *11 (N.D. Ohio) (granting summary judgment to police department because "[a] municipal police department is an administrative unit of a local government and as such is not *sui juris* because it lacks the power to sue, and cannot be sued absent positive statutory authority. . . .The Warren PD is *sui juris* and Plaintiff cites to no express statutory authority allowing the Warren PD to be sued."); *see also Sharaydeh v. Warren Cnty.*, 2024 WL 1620783, at *2 (S.D. Ohio) (granting motion for judgment on the pleadings as to police department because police department was not *sui juris*); *Taylor v. Sylvania Twp. Police Dep't*, 2023 WL 11780378, at *2 (N.D. Ohio) (granting police department's motion to dismiss on grounds that it was not sui juris).

Here, Plaintiff has sued only the Toledo Police Department and has not presented any response or opposition to Defendant's motion for summary judgment on this basis. The Court finds Defendant, the City of Toledo Police Department, is not *sui juris* and thus is entitled to summary judgment on all claims against it.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Defendant's Motion for Summary Judgment (Doc. 11) be, and the same hereby is, GRANTED.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: August 14, 2024

5